USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
ELVIS HIBBERT and YVENER LOUIS, :
:
Plaintiffs, :
: 12-CV-7970 (VSB)
- against - :
: **MEMORANDUM & ORDER**
CENTRAL PARKING SYSTEMS, INC., :
:
Defendant. :
:
------------------------------------------------------------X

Appearances:

Christopher Q. Davis
The Law Office of Christopher Q. Davis, PLLP
New York, New York
*Counsel for Plaintiffs*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Yvener Louis brings this action against Defendant Central Parking Systems, Inc., on behalf of himself and a putative class of similarly situated employees of Defendant, alleging that Defendant misclassified him as an exempt employee and failed to pay him overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and N.Y. Labor L. §§ 190 *et seq*. The parties reached a settlement. Plaintiff now moves unopposed for: (1) preliminary approval of a class settlement agreement; (2) conditional certification of the proposed class; (3) approval of the proposed notice of the settlement; and (4) appointment of class counsel. Plaintiff's Motion is GRANTED as to requests (1), (2), and (4), and DENIED without prejudice as to request (3).

I. **Background**

Plaintiff Louis worked as a salaried, non-union Assistant Manager at Defendant's valet

parking garage facility located at the Time Warner Center in Manhattan. (Davis Decl. ¶ 5.)[1]
Plaintiff Elvis Hibbert worked as a salaried, non-union Business Unit Manager at the same garage facility.[2] (*Id.* ¶ 4.) The gravamen of the allegations in this action is that Plaintiffs were improperly classified as exempt and not paid overtime wages for hours worked in excess of forty hours per week. (*Id.* ¶ 8.)

Plaintiffs filed a Complaint on October 25, 2012. (Doc. 1.) Defendant filed an answer on December 11, 2012. (Doc. 12.) Plaintiffs filed an Amended Complaint on March 22, 2013. (Doc. 16.)

The parties appeared before Judge William H. Pauley, to whom the case was originally assigned,[3] on March 15, 2013, September 18, 2013, and December 16, 2013. In October 2013, the parties entered into a confidential mediation agreement. (Davis Decl. ¶ 12.) Thereafter, the parties engaged in document discovery, and Plaintiffs as well as several representatives of Defendant were deposed. (*Id.* ¶¶ 17-24.) On April 25, 2014, the parties engaged in an all-day mediation session that resulted in an agreement to settle the case as to Louis and the proposed class and separately as to Hibbert. (*Id.* ¶¶ 36-40.)

On May 1, 2014, the parties reported the settlement to me. (Doc. 35.) After receiving two extensions to do so, (Docs. 38, 40), Plaintiff filed the instant Motion, (Doc. 42), which is unopposed by Defendant.

---

[1] "Davis Decl." refers to the Declaration of Christopher Q. Davis in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Class Counsel and Approval of Notice of Settlement. (Doc. 44.)

[2] Hibbert reached a separate settlement with Defendant, (*see* Doc. 43 at 1 n.1; Doc. 44-2), and is not party to this Motion.

[3] The case was reassigned to me on January 27, 2014.

2

## II. Discussion

### A. *Preliminary Approval of the Class Settlement*

District courts have discretion to approve proposed class action settlements. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12-CV-3693, 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing. *Silver v. 31 Great Jones Rest.*, No. 11-CV-7442, 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013). To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted). Preliminary approval is typically granted "'where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'" *Silver*, 2013 WL 208918, at *1 (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)) (internal alteration omitted).

Having reviewed Plaintiff's submissions, including the proposed settlement agreement, (Doc. 44-1), I conclude that the settlement is the result of substantial investigative efforts,[4] arm's

---

[4] Among other things, Plaintiffs' counsel's investigative efforts allowed him to narrow the scope of the appropriate class, including by removing Hibbert from the class. (*See* Davis Decl. ¶ 28.)

3

length negotiations,[5] the assistance of a neutral mediator,[6] and that its terms are within the range of possible settlement approval.[7]

        **B.**    *Conditional Certification of the Proposed Class and Appointment of Class Counsel*

I provisionally certify for settlement purposes the following "Settlement Class" under Federal Rule of Civil Procedure 23(e):

> All non-union, salaried, facility-based supervisors, including but not limited to, non-union, salaried, facility-based Assistant Managers and/or Assistant Supervisors or Night Foremen in which members of the Settlement Class were employed with Defendant in New York or New Jersey from October 25, 2006 to the present, or were employed with Defendant outside of California from October 25, 2009 to the present.

(*See* Doc. 43 at 20; Doc. 44-1 ¶¶ II(A)(10), (31)-(33).)

To be certified under Rule 23(a), a class must meet that section's four requirements—numerosity, commonality, typicality, and adequacy of representation—as well as one element of Rule 23(b). Although the Class has fewer than forty members and can therefore not be presumed sufficiently numerous, *cf. Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995), joinder would be impractical given the relative size of the claims at issue and modest financial resources of the class members, and judicial economy favors avoiding individual actions particularly where the defendant is amendable to a class settlement. Plaintiff Louis and the class members share common issues of fact and law, including whether Defendant misclassified them under the FLSA and New York Labor Law, whether Defendant failed to pay

---

[5] In addition to conducting negotiations by phone and email, counsel to the parties also met in-person on at least two occasions. (*See* Davis Decl. ¶ 38.)

[6] The parties engaged in an all-day mediation session in front of an experienced class and collective action mediator on April 25, 2014. (Davis Decl. ¶ 36.)

[7] Without reaching a final determination on the fairness of the settlement, a distribution of $420,000 for twenty class members for overtime violations appears on its face to be within the appropriate range for the settlement.

overtime wages, and whether the alleged violations were willful. *See Silver*, 2013 WL 208918, at *2. For many of the same reasons, Plaintiff's claims are typical of those of the Settlement Class. There is nothing to suggest that Plaintiff's interests are antagonistic to those of the other class members. Finally, the proposed Settlement Class satisfies Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), and because "class adjudication . . . will conserve judicial resources and is more efficient for class members," *see Silver*, 2013 WL 208918, at *2 (internal quotation marks and alteration omitted).

I appoint Plaintiff's counsel, Christopher Q. Davis, as class counsel. Rule 23(g)(1)(A) requires that a district court consider the following in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Based upon the investigations done by Mr. Davis in this case, (*see* Davis Decl. ¶¶ 17-35), and his previous work as class counsel in similar cases, (*see id.* ¶¶ 46-65), I conclude that he meets the requirements of Rule 23(g).

### C. *Approval of Class Notice*

Rule 23(c)(2)(B) requires for a class such as this one certified under Rule 23(b)(3), that

> the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

After review, I conclude that the notice proposed by Plaintiff, (Doc. 44-1 Ex. A), constitutes the best notice practicable under the circumstances and meets the requirements of due process. It also satisfies six of the seven elements of Rule 23(c)(2)(B). However, the proposed notice does not contain any language indicating that a class member may enter an appearance through an attorney. *See* Fed. R. Civ. P. 23(c)(2)(B)(iv) ("a class member may enter an appearance through an attorney if the member so desires").

Accordingly, Plaintiff is directed to submit for approval no later than January 23, 2015 a revised proposed notice.

### D. *Fairness Hearing Schedule*

In light of the lengthy notice and opt-in process contemplated by Plaintiff, (*see* Doc. 42 at 11-12), and the need for Plaintiff to re-seek approval of the proposed notice, I will hold a fairness hearing on December 4, 2015, at 10:00 a.m., in courtroom 518, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007. At this hearing, I will determine: (1) whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable, adequate, and in the best interest of the Class; (2) whether I should approve the Settlement Agreement; and (3) whether I should enter a Final Judgment of Dismissal.

In addition, the pending motion filed by Andrew B. Stoll to withdraw as attorney for Plaintiffs, (Doc. 49), will be discussed at the fairness hearing.

### III. **Conclusion**

For the foregoing reasons, Plaintiffs' Motion is GRANTED in part and DENIED in part.

The Clerk's Office is respectfully directed to terminate Doc. 42.

SO ORDERED.

Dated: January 14, 2015
     New York, New York

Vernon S. Broderick
United States District Judge